846 F.2d 1379
 Heinz HABER, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 87-1102.
 United States Court of Appeals,
Federal Circuit.
 May 19, 1988.
 
 Appealed from: U.S. Claims Court; Nettesheim, Judge.
 Edward Ord, Ord and Norman, San Francisco, Cal., argued for plaintiff-appellant.
 B. Paul Klein, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup and Gilbert S. Rothenberg.
 Before MARKEY, Chief Judge, NEWMAN and BISSELL, Circuit Judges.
 ORDER
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 The government's Petition for Rehearing is granted, to the following extent:
 
 
 2
 * The government requests clarification of the court's decision[1] with respect to the procedure to be followed upon remand to the Claims Court.
 
 
 3
 In deciding the motion the Claims Court appropriately drew all factual inferences in favor of the non-movant, and thus the premise of the Claims Court's decision, and of our reversal thereof, was the non-movant's factual position. We held that on all the circumstances oral withdrawal had been established and taxpayer Haber was entitled to rely thereon.[2]
 
 
 4
 The government now seeks verification from this court of its right to litigate the underlying factual premises, including further evidence, discovery, and trial. Haber responds that all available evidence was before the Claims Court, pointing to the government's destruction of its files. Our decision on the law does not bar the government from seeking to adduce further evidence before the Claims Court, in accordance with usual procedures appurtenant to remand following reversal. However, it is the responsibility and authority of the Claims Court to determine the extent and to manage the detail of such proceedings.
 
 II
 
 5
 The government also petitions this court to "correct" our statement that "[t]he government conceded before the Claims Court that the IRS could orally withdraw a notice of disallowance." Haber, 831 F.2d at 1052. The government states that it made no such concession. The exchange before the Claims Court included the following statements of government counsel:
 
 
 6
 [T]he government agrees that the Internal Revenue Service could withdraw a notice of disallowance within the two year period of limitations and conduct a formal reconsideration within that two year period ...
 
 
 7
 Referring to Mr. Lasker's declaration, counsel continued:
 
 
 8
 It appears that there was a formal reconsideration but when any formal withdrawal, oral or written, was ever made is not clear from the declaration. And we state that Beardsley [a case upholding reliance on oral withdrawal] is clearly distinguishable because the court there found it was apparently unfair to bind the taxpayer.
 
 
 9
 Appendix at 99-101 (emphasis added). The government did not in its briefs on appeal negate these statements. However, we accept that these statements were made in the context of the facts of this suit, and therefore we accommodate the government's request, leaving the record to speak for itself. Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 On 831 F.2d at 1052, delete the following sentence:
 
 
 11
 --The government conceded before the Claims Court that the IRS could orally withdraw a notice of disallowance.--
 
 
 12
 BISSELL, Circuit Judge, concurring-in-part, dissenting-in-part.
 
 
 13
 I concur in part II of the order. In light of the deletion directed there, I must also order the deletion of the following sentence on 831 F.2d at 1055:
 
 
 14
 The government's concession that the Internal Revenue Service could orally withdraw a notice of disallowance is insufficient standing alone to make the first notice "defective," or to toll the statute.
 
 
 15
 In its place, I order the insertion of the following:
 
 
 16
 An oral withdrawal by the Internal Revenue Service of a notice of disallowance is insufficient standing alone to make the first notice "defective," or to toll the statute.
 
 
 17
 I dissent in part I of the order. I would have granted the government's Petition for Rehearing in full, and adopted the dissent as the court's opinion.
 
 
 
 [1]
 Haber v. United States, 831 F.2d 1051 (Fed.Cir.1987)
 
 
 [2]
 Precedential authority is cited in our principal opinion, along with discussion of the evidence including taxpayer's interactions with the Service during the two-year period at issue